**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS TEAM, LLC d/b/a ALLSTATE HEALTH SOLUTIONS,<br><br>　　Defendants. | Case No. 1:25-CV-14183 |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Healthcare Solutions Team, LLC ("HST" or "Defendant"), by and through its undersigned counsel, respectfully moves to dismiss Plaintiff's Complaint (Dkt. 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, Defendant states as follows:

## I.  INTRODUCTION

Plaintiff Kelly Bland ("Plaintiff") brings this action, on behalf of herself and others similarly situated, claiming that HST violated the Telephone Consumer Protection Act ("TCPA") when it allegedly sent telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, as well as allegedly sending such calls to people who had previously asked to no longer receive them. (Dkt. 1, ¶3).

However, Plaintiff's action against HST is fatally flawed as pled for two reasons. **First,** under recent Seventh Circuit case *Hulce v. Zipongo Inc.*, the alleged telemarketing calls to Plaintiff do not constitute telephone solicitations under the TCPA, negating any liability as a matter of law. **Second,** even if the telemarketing calls did constitute solicitations, Plaintiff in her complaint failed

to plausibly plead that HST made the telemarketing calls. As a result, Plaintiff fails to state a claim upon which relief can be granted, and the Court should dismiss this action in its entirety with prejudice.

## II. FACTUAL BACKGROUND

On November 19, 2025, Plaintiff filed her class action complaint ("Complaint") alleging that, between June 7, 2024 and June 24, 2024, she received five (5) calls from various phone numbers stating that Plaintiff "was eligible for state affordable care act at no cost" and that the "purpose of the call is to let [Plaintiff] know that the government is giving affordable healthcare to the people at zero cost." (Dkt. 1, ¶ ¶ 27 & 30). Plaintiff alleges that, during the last call on June 24, 2024, an agent referred to as "Victoria" attempted to sell her an Allstate Health Solutions health insurance policy. (*Id.*, ¶ 36). Following the call, Plaintiff claims that she received an email from HST with a link to complete the enrollment process. (*Id.*, ¶ 37). Plaintiff claims that she did not consent to receive the calls from Defendant, that she "explicitly revoked any purported consent to receive calls from Defendant" and that she is on Allstate's do not call list. (*Id.* ¶ ¶ 40-42). Plaintiff is seeking injunctive relief as well as money damages. (*Id.* ¶ 56). However, for the reasons stated below, Plaintiff has failed to state a claim which entitles her or her purported class members to relief.

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits Defendant to move for dismissal based on the opposing party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining whether a complaint sufficiently states a claim under Rule 12(b)(6), this Court must accept all non-conclusory factual allegations as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009). The Court must also construe the complaint in the light

most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Levy v. W. Coast Life Ins. Co.,* 44 F.4th 621, 626 (7th Cir. 2022). A complaint will survive a motion to dismiss if it "states a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965). To state a plausible claim for relief, a complaint must "permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 129 S. Ct. at 1950.

However, plausible does not mean probable; it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949. Moreover, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 127 S.Ct. 1955, 1966 (2007)).

IV. <u>ARGUMENT</u>

A. **Plaintiff Failed to State a Claim Under the TCPA as a Matter of Law.**

Plaintiff's complaint must be dismissed in its entirety because, even accepting Plaintiff's allegations as true, she did not receive any improper "telephone solicitations" necessary to sustain a TCPA claim as a matter of law.

The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of ***encouraging*** the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C.A. § 227(a)(4) (West) (emphasis added). The Seventh Circuit, in *Hulce v. Zipongo Inc.,* 132 F.4th 493 (7th Cir. 2025), recently provided guidance as to what constitutes a "telephone solicitation." *Id.* at 496. In *Hulce*, the defendant left the plaintiff a voicemail informing them of a giveaway as a part of their membership and subsequently sent two text messages informing them of other opportunities. *Id.* The plaintiff in *Hulce* filed a TCPA suit, which the district court dismissed because the alleged voicemail and text messages did not constitute "telephone solicitations." *Id.* at 497. On appeal, the Seventh Circuit

affirmed, reasoning that "telephone solicitation" means "the initiation of a call or message for the purpose of persuading or urging someone to pay for a service." *Id.* at 499-500. Thus, because the communications at issue did not solicit the plaintiff to ***purchase*** anything, but instead informed the plaintiff of a free giveaway opportunity, there were no telephone solicitations, and no TCPA liability. *Id*.

The same is true here. The calls at issue here clearly fall outside of the definition of "telephone solicitation.". According to Plaintiff, she received five (5) telemarketing calls in violation of the TCPA. During the first two calls, Plaintiff alleged that: (1) the caller informed Plaintiff that she was "eligible for state affordable care act at no cost" and (2) the caller stated that "the purpose of the call is [Plaintiff] know that the government is giving affordable healthcare to the people at zero cost;" (Dkt. 1, ¶ ¶ 27 & 30). On their face, the statements were made to ***inform*** Plaintiff—not to encourage, persuade, or urge her to pay for any services. *Id.* This is further underscored by the fact that the alleged statements by the caller make it clear that the healthcare was available to Plaintiff at "zero cost" or "no cost." *Id.* Moreover, during the alleged subsequent calls on June 10th, Plaintiff admitted that she was offered "free health insurance." *Id.*

As the Seventh Circuit held in *Hulce*, and several district courts have also held, the alleged calls here do not constitute "telephone solicitations" because the caller (alleged to be HST) did not initiate them with the purpose of persuading or urging Plaintiff to pay for its services. *Hulce*, 132 F.4th at 500; *see also Trujillo v. Free Energy Sav. Co.,* No. 5:19-cv-02072-MCS-SP, 2020 WL 7768722, at *3 (C.D. Cal. Dec. 21, 2020) (finding no intent to encourage a purchase when text messages only "invite[d] the recipient to schedule free services"); *Morris v. Unitedhealthcare Ins. Co.*, 2016 WL 7115973 (E.D. Tex. Nov. 9, 2016) (recommending summary judgment be granted on plaintiff's TCPA claims because defendant offered "in-home medical examination ... to

members who already have coverage for [ ] no-additional-cost benefit through a qualified plan"); and *Edwards v. Signify Health, Inc.*, 222CV00095CDSBNW, 2023 WL 3467558, at *3 (D. Nev. May 12, 2023) (dismissing complaint for failure to state a claim under the TCPA where it was clear that the purpose of the case was to schedule a free medical check for which plaintiff may have been entitled under his healthcare plan).

There is no plausible claim for relief here as Plaintiff has not sufficiently alleged as a matter of law that she received any "telephone solicitations." As such, dismissal is warranted.

## B. Plaintiff Fails to Sufficiently Allege that HST Violated the TCPA as Required to State a Claim

Plaintiff's failure to sufficiently plead that the alleged calls constituted "telephone solicitations" alone warrants dismissal of this suit in its entirety. However, there is another fatal flaw in Plaintiff's Complaint: she does not allege facts sufficient to plausibly plead that HST initiated the phone calls she received.

Plaintiff claims that she received five (5) phone calls between June 7, 2024 and June 24, 2024 from various phone numbers. However, the Complaint is void of key allegations necessary to maintain a claim against HST. Plaintiff does not plausibly allege that the calls were made by HST or on behalf of HST. Although Plaintiff pleads, without any factual support, that she received the calls from HST, the Court is not required to accept this as true. *Iqbal*, 129 S. Ct. at 1949; *see also Wolfkiel v. Intersections Ins. Services Inc.,* 303 F.R.D. 287 (N.D. Ill. 2014) (dismissing plaintiff's complaint alleging TCPA violations because the allegations did not contain sufficient facts to raise the right of relief above a speculative level); *Cunningham v. TechStorm, LLC,* No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (dismissing complaint alleging TCPA violations because plaintiff failed to provide sufficient factual allegations regarding "the source of or phone number making the calls, indicating that *this* Defendant is responsible for

the calls received by Plaintiff") (emphasis in original). As to the first four calls, Plaintiff does not allege any facts which set forth the identity the caller, that the caller was an employee or agent calling on behalf of HST, or that the caller attempted to sell her HST products or services. (*See generally* Dkt. 1). Rather, Plaintiff simply alleges that an unknown caller informed her that she is eligible for affordable healthcare from the government for free. None of which adequately demonstrates to the Court that HST acted in violation of the TCPA or that Plaintiff is entitled to relief. In fact, Plaintiff's allegations demonstrate that the caller was calling on behalf of the "state" or the "government." (Dkt. 1, ¶¶ 27, 30). The Complaint is void of any allegations to tie these four calls to HST.

As for the last call taking place on June 24, 2024, while Plaintiff provides a name for the caller "Victoria," Plaintiff's allegation still falls short of the *Twombly* and *Iqbal* standard. Taking Plaintiff's allegations as true, the caller "Victoria," using the same identical scripts as the previous calls, informed Plaintiff that she is eligible for affordable healthcare from the government at no costs. Plaintiff does not allege that "Victoria" was an employee, agent, or otherwise affiliated with HST. *Woodard v. Health Ins. All.,* 23 C 2630, 2024 WL 942629, at *2-3 (N.D. Ill. Mar. 5, 2024) (dismissing plaintiff's complaint alleging TCPA violations for failure to plausibly plead or otherwise articulate circumstances to establish her belief that defendant was the party responsible for the calls that she received). This lone allegation merely shows that that *somebody*—likely a representative of the state government or the "state affordable care act" marketplace (Compl. ¶ 27)—directed Plaintiff to an Allstate product. As explained above, applying the Rule 12(b)(6) standard and the *Hulce* holding, such ill-pled allegations are insufficient to state a TCPA claim against HST.

## V. CONCLUSION

Based on the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: January 5, 2026

Respectfully submitted,

**AKERMAN LLP**

*/s/Jani K. Mikel*
**JANI K. MIKEL**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

- and -

RYAN ROMAN (*Pro Hac Vice To Be Filed*)
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Healthcare Solutions Team, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 5, 2026, the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                    */s/ Jani K. Mikel*
                                                    JANI K. MIKEL
                                                    Illinois Bar No. 6331445