**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 25-cv-14183 |
| Plaintiff, | : : | Hon. Martha Pecold |
| v. | : : | |
| HEALTHCARE SOLUTIONS TEAM, LLC D/B/A ALLSTATE HEALTH SOLUTIONS AND | : : : : | |
| SANDRA JOHNSON | : : | |
| Defendants. | : | |

**JOINT INITIAL STATUS REPORT**

Plaintiff Kelly Bland (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated and Healthcare Solutions Team, LLC ("Healthcare Solutions") submit the attached report.

1. **The Nature of the Case:**

    A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

**Plaintiff:**

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

ANDREW ROMAN PERRONG
PERRONG LAW LLC
2657 MOUNT CARMEL AVENUE

  G<small>LENSIDE</small>, PA 19038
  (215) 225-5529
  A@<small>PERRONGLAW</small>.<small>COM</small>

**Defendant HST:**

  Jani K. Mikel
  Illinois Bar No. 6331445
  jani.mikel@akerman.com
  71 South Wacker Drive, 47th Floor
  Chicago, Illinois 60606
  Telephone: (312) 634-5700

  Ryan Roman
  ryan.roman@akerman.com
  201 East Las Olas Boulevard, Suite 1800
  Fort Lauderdale, Florida 33301
  Telephone: (954) 463-2700

Defendant Sandra Johnson has not entered an appearance yet in this Action.

  B. **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

  Plaintiff brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, alleging that Defendants placed multiple unsolicited telemarketing calls to Plaintiff's residential telephone number despite the number being registered on the National Do Not Call Registry and despite Plaintiff's requests that the calls stop. Plaintiff alleges that Defendant Healthcare Solutions Team, LLC is liable directly and vicariously for the calls placed by Defendant Sandra Johnson and individuals acting on her behalf, and that Defendant Johnson is personally liable for authorizing, directing, and participating in the alleged telemarketing conduct. No counterclaims or third-party claims have been asserted.

  HST denies any liability and denies that HST was acting as an agent of Allstate. HST also denies that this action may be maintained as a class action. Further, HST denies that the alleged calls are covered under the TCPA, and as a result, Plaintiff's claims are barred.

C. **Briefly identify the major legal and factual issues in the case.**

The major legal and factual issues include whether Defendants placed or caused telemarketing calls to Plaintiff and putative class members whose numbers were listed on the National Do Not Call Registry, whether Plaintiff and putative class members requested that calls stop and whether those requests were honored, whether Defendant Johnson acted as an agent of Defendant Healthcare Solutions Team, LLC and whether the corporate Defendant ratified her conduct, whether Defendant Johnson may be held individually liable under the TCPA, whether Defendants' conduct was willful or knowing, and whether the requirements of Federal Rule of Civil Procedure 23 are satisfied.

HST submits that the major legal and factual issues in this case include whether, in fact, the calls alleged in the First Amended Complaint were made to Plaintiff, whether those alleged calls were made by or on behalf of HST, whether HST is legally responsible for alleged calls made by Johnson and whether the alleged calls were made willfully. There are additional issues of fact that need to be determined surrounding whether Plaintiff is an adequate representative of the proposed class, whether the class is properly defined, and whether the facts support each of the required elements for class certification.

D. **State the relief sought by any of the parties.**

Plaintiff seeks statutory damages of $500 per violation and treble damages of up to $1,500 per violation for willful or knowing violations, injunctive relief prohibiting future unlawful telemarketing calls and certification of the proposed classes.

At this time, HST seeks attorneys' fees and costs as permitted by law, as well as such other and further relief the Court deems just and proper.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

    A. **Identify all federal statutes on which federal question jurisdiction is based.**

Federal question jurisdiction is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227. Allstate acknowledges that the alleged claims are brought pursuant to the TCPA but denies such claims, denies that the putative class should be certified, and denies that Plaintiff, individually or on behalf of a class, is entitled to any relief whatsoever.

3. **Status of Service: Identify any defendants that have not been served.**

Defendant Healthcare Solutions Team, LLC has been served and has appeared. Plaintiff has not effectuated service on Defendant Sandra Johnson. The Court issued a summons for Johnson, and Plaintiff is in the process of serving Johnson via process server.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.**

Counsel have advised their respective clients that they may consent to proceed before a United States Magistrate Judge. There is no unanimous consent currently.

5. **Motions**

    A. **Briefly Describe any Pending Motions**

None.

    B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

HST anticipates responding to the complaint by means of Motion.

6. **Status of Settlement Discussions**

**A. Indicate whether any settlement discussions have occurred.**

To date, no discussions regarding settlement of this matter have taken place.

**B. Describe the status of any settlement discussions.**

Without the data of what individuals were called in the potential class, the Plaintiff is unable to make a demand.

HST will participate in good faith in settlement negotiations and will consider any demand made by Plaintiff to resolve her individual claims. HST does not believe a settlement conference will likely result in a resolution of this dispute at this time and would suggest that the Court consider setting up a settlement conference after the parties have completed discovery.

**C. Whether the parties request a settlement conference.**

The parties do not jointly request a settlement conference currently.

Dated: February 3, 2026

| | |
|---|---|
| */s/ Anthony I. Paronich* <br> Anthony I. Paronich <br> Paronich Law, P.C. <br> 350 Lincoln Street, Suite 2400 <br> Hingham, MA 02043 <br> Tel: (617) 485-0018 <br> Email: anthony@paronichlaw.com <br><br> *Counsel for Plaintiff* | */s/ Jani K. Mikel* <br> JANI K. MIKEL <br> **AKERMAN LLP** <br> Illinois Bar No. 6331445 <br> 71 South Wacker Drive, 47th Floor <br> Chicago, Illinois 60606 <br> Telephone: (312) 634-5700 <br> Facsimile: (312) 424-1900 <br> Email: jani.mikel@akerman.com <br> Email: elisa.asa@akerman.com <br><br> **- and -** <br><br> RYAN ROMAN <br> **AKERMAN LLP** <br> 201 East Las Olas Boulevard, Suite 1800 <br> Fort Lauderdale, Florida 33301 <br> Telephone: (954) 463-2700 <br> Facsimile: (954) 463-2224 <br> Email: ryan.roman@akerman.com <br> Email: ellise.peyton@akerman.com <br><br> *Counsel for Defendant Healthcare Solution Team, LLC* |