**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS TEAM, LLC d/b/a ALLSTATE HEALTH SOLUTIONS<br><br>and<br><br>SANDRA JOHNSON,<br><br>    Defendants. | Case No. 1:25-CV-14183 |

**DEFENDANT HEALTHCARE SOLUTIONS TEAM, LLC'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Healthcare Solutions Team, LLC ("HST" or "Defendant"), by and through its undersigned counsel, respectfully moves to dismiss Plaintiff's First Amended Complaint (Dkt. 12) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, Defendant states as follows:

## I. INTRODUCTION

Plaintiff Kelly Bland ("Plaintiff") brings this action, on behalf of herself and others similarly situated, claiming that HST, through Defendant Sandra Johnson ("Johnson"), violated the Telephone Consumer Protection Act ("TCPA") when it allegedly sent telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, as well as allegedly sending such calls to people who had previously asked to no longer receive them. (Dkt. 12, ¶3).

After HST filed a Motion to Dismiss Plaintiff's Complaint (Dkt. 7), Plaintiff amended her complaint to fix the obvious pleading deficiencies identified in HST's Motion to Dismiss. (Dkt. 12). However, Plaintiff's additional allegations fail to remediate those core deficiencies, and Plaintiff's First Amended Complaint must be dismissed for two reasons:

**First,** under recent Seventh Circuit case *Hulce v. Zipongo Inc.,* the alleged telemarketing calls to Plaintiff do not constitute telephone solicitations under the TCPA, negating any liability as a matter of law. Plaintiff has failed to set forth any new allegations to support her claim that she received soliciting calls.

**Second,** Plaintiff's attempt to bolster her TCPA claim by asserting unsupported allegations of fraudulent and deceptive behavior is unsuccessful because such allegations do not meet the heightened pleading standard as set forth under Rule 9(b) of the Federal Rules of Civil Procedure and are contradicted by Plaintiff's allegations in her Amended Complaint. Plaintiff's continued failed effort to state a claim upon which relief can be granted warrants dismissal of this action in its entirety with prejudice.

## II.    FACTUAL BACKGROUND

Plaintiff alleges that, between June 7, 2024 and June 24, 2024, she received five (5) calls from various phone numbers that all began by stating that Plaintiff "was eligible for state affordable care act at no cost" and that the "purpose of the call is to let [Plaintiff] know that the government is giving affordable healthcare to the people at zero cost." (Dkt. 12, ¶ ¶ 27-36). Plaintiff alleges that, during the fifth call on June 24, 2024, she engaged in a conversation with an agent referred to as "Victoria" who attempted to sell her an Allstate Health Solutions health insurance policy. (*Id.*, ¶ 38). Following the call, Plaintiff claims that she received an email from HST with a link to complete the enrollment process. (*Id.*, ¶ 50).

Plaintiff also alleges, on information and belief, that "Vicotria" is a salesperson for Defendant Sandra Johnson, an agent licensed to sell Allstate policies. (*Id.*, ¶¶ 40-42). According to Plaintiff, "Victoria" misrepresented to Plaintiff that she was eligible for state affordable care to solicit plans at no cost to Plaintiff, specifically HST plans. (*Id.,* ¶¶ 47-48). Plaintiff claims that she did not consent to receive these alleged calls, that she "explicitly revoked any purported consent to receive calls from HST," and that she is on Allstate's Do Not Call list[1]. (*Id.*, ¶ 53).

## III.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits Defendant HST to move for dismissal based on the opposing party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining whether a complaint sufficiently states a claim under Rule 12(b)(6), this Court must accept all non-conclusory factual allegations as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009). The Court must also construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Levy v. W. Coast Life Ins. Co.,* 44 F.4th 621, 626 (7th Cir. 2022). A complaint will survive a motion to dismiss if it "states a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965). To state a plausible claim for relief, a complaint must "permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 129 S. Ct. at 1950.

However, plausible requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949. Moreover, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 127 S.Ct. 1955, 1966 (2007)).

---

[1] As set forth in Defendant HST's Corporate Disclosure Statement (Dkt. 11), HST is a wholly-owned subsidiary of National General Holdings Corp., a wholly-owned subsidiary of Allstate Insurance Holdings, LLC.  Allstate Insurance Holdings, LLC is a wholly-owned subsidiary of The Allstate Corporation.

## IV.  ARGUMENT

### A. Plaintiff Remains Unable to State a Claim Under the TCPA as a Matter of Law.

Plaintiff's First Amended Complaint suffers the same fatal flaws as her initial complaint, because, even accepting Plaintiff's allegations as true, she did not receive any improper "telephone solicitations" necessary to sustain a TCPA claim as a matter of law.

### i.  The Nature of the Calls was Informative, Not Persuasive.

Plaintiff's allegations regarding the nature and substance of the five alleged calls have not changed, and as a result, remain outside of the TCPA's definition of "telephone solicitation." 47 U.S.C.A. § 227(a)(4) (West) ("the initiation of a telephone call or message for the purpose of ***encouraging the purchase or rental of, or investment in***, property, goods, or services, which is transmitted to any person.") (emphasis added).

Specifically, during the first two calls, Plaintiff alleged that: (1) the caller informed Plaintiff that she was "eligible for state affordable care act at no cost" and (2) the caller stated that "the purpose of the call is [for Plaintiff to] know that the government is giving affordable healthcare to the people at zero cost;" (Dkt. 12, ¶ ¶ 28 & 31). Moreover, during the three alleged subsequent calls on June 10th, Plaintiff admitted that she was offered "free health insurance." (*Id.*, ¶ 38). On their face, the statements from the five calls were made to ***inform*** Plaintiff—not to encourage, persuade, or urge her to pay for any services. *Id.* This is further underscored by the fact that the alleged statements by the caller make it clear that the healthcare was available to Plaintiff at "zero cost" or "no cost." *Id.*

None of the alleged statements made by the unknown caller constitute "telephone solicitation" as defined by the TCPA and as held by guiding federal case law.

The Seventh Circuit's recent decision in *Hulce v. Zipongo Inc.,* 132 F.4th 493 (7th Cir.

4

2025), is directly on point here. *Id.* at 496. In *Hulce*, the defendant left the plaintiff a voicemail informing him of a giveaway as a part of his membership and subsequently sent two text messages informing him of other opportunities. *Id.* The plaintiff's TCPA claims were dismissed by the district court because the alleged voicemail and text messages did not constitute "telephone solicitations" under the TCPA. *Id.* at 497. On appeal, the Seventh Circuit affirmed, reasoning that "telephone solicitation" means "the initiation of a call or message for the purpose of persuading or urging someone *to pay for* a service." *Id.* at 499-500 (emphasis added). Thus, because the communications at issue did not solicit the plaintiff to *purchase* anything – but instead informed the plaintiff of a free giveaway opportunity – there were no telephone solicitations, and therefore no TCPA liability. *Id.*

The same continues to ring true here. The alleged calls here do not constitute "telephone solicitations" because the caller did not initiate them with the purpose of persuading or urging Plaintiff to pay for its services. *Hulce*, 132 F.4th at 500; *see also Trujillo v. Free Energy Sav. Co.,* No. 5:19-cv-02072-MCS-SP, 2020 WL 7768722, at *3 (C.D. Cal. Dec. 21, 2020) (finding no intent to encourage a purchase when text messages only "invite[d] the recipient to schedule free services"); *Morris v. Unitedhealthcare Ins. Co.*, 2016 WL 7115973 (E.D. Tex. Nov. 9, 2016) (recommending summary judgment be granted on plaintiff's TCPA claims because defendant offered "in-home medical examination ... to members who already have coverage for [ ] no-additional-cost benefit through a qualified plan"); *Edwards v. Signify Health, Inc.*, 222CV00095CDSBNW, 2023 WL 3467558, at *3 (D. Nev. May 12, 2023) (dismissing complaint for failure to state a claim under the TCPA where it was clear that the purpose of the case was to schedule a free medical check for which plaintiff may have been entitled under his healthcare plan).

### ii. There Is No Sufficient Factual Basis to Support Plaintiff's Claim of Misrepresentation

In her Amended Complaint, Plaintiff attempts to substantiate her claim that the alleged calls were "telephone solicitations" as defined under the TCPA by adding unsupported claims of misrepresentation, specifically that the representations regarding healthcare plans at no cost were "a lie and merely a sales tactic to get her foot in the door and get call recipients interested…." (Dkt. 12, ¶39).

Plaintiff's unsupported claims of misrepresentation are substantially flawed because she never alleges any facts which demonstrate that the claims regarding an individual's eligibility for state affordable care at no cost were false. Plaintiff does not allege that she attempted to sign up for these free healthcare plans as advertised by the unknown caller or "Victoria," and was subsequently denied, or informed that she was not eligible for such plans, or that no such plans existed. (*See generally* Dkt. 12). In fact, Plaintiff does not allege that she even inquired about such plans. (*Id.*). Rather than assert adequate facts to create a reasonable inference of misrepresentation, Plaintiff relies on unsupported conclusory allegations. On their face, the facts alleged in Plaintiff's Amended Complaint are not reasonable to infer misrepresentation when Plaintiff does not even allege that she attempted to take advantage of the free products, and the Court is not required to accept the bare allegations as true.

Moreover, Plaintiff's attempts to allege that HST engaged in behavior based on deception or fraud when she alleged that the representations regarding healthcare plans at no cost were "a lie and merely a sales tactic to get her foot in the door and get call recipients interested…." (Dkt. 12, ¶39). In fact, Plaintiff's complaint is riddled with references to fraud, misrepresentation, and deceptive behavior when she uses phrases such as "false representation," "lies," "misrepresentation," and "false premise and guise." (*Id.*, ¶¶39,43,44,48). The Seventh Circuit has

held that when a plaintiff alleges deceptive or fraudulent behavior, such allegations must meet the heightened standard of Rule 9(b), which Plaintiff has failed to do here. *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). In *Borsellino*, the Seventh Circuit explained that "[a] plaintiff claiming fraud or mistake must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate," and "the who, what, when, where, and how" of the alleged fraudulent behavior. *Id.*

Plaintiff has not and cannot meet this heightened pleading standard. Plaintiff cannot allege who allegedly engaged in fraudulent behavior, relying on general reference to individuals, or more importantly, that such individuals are tied to HST. Additionally, as explained above, Plaintiff has not and cannot allege that the representations regarding the free health care were indeed false.

Because the alleged calls at issue do not meet the definition of a "telephone solicitation" under the TCPA, and Plaintiff's unsupported allegations of misrepresentation and fraud do not meet the heightened pleading standards under Rule 9(b), there is no plausible claim for relief here. As such, dismissal is warranted.

## V.    CONCLUSION

Based on the foregoing reasons, Defendant Healthcare Solutions Team, LLC respectfully requests that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint in its entirety with prejudice and grant HST such other and further relief as the Court deems just and proper.

Dated: March 19, 2026

Respectfully submitted,

**AKERMAN LLP**

*/s/Jani K. Mikel*
**JANI K. MIKEL**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606

Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

- and -

RYAN ROMAN
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Healthcare Solutions Team, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 19, 2026, the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Jani K. Mikel
JANI K. MIKEL
Illinois Bar No. 6331445