## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

KELLY BLAND, on behalf of herself and others similarly situated,

        Plaintiff,

v.

HEALTHCARE SOLUTIONS TEAM, LLC D/B/A ALLSTATE HEALTH SOLUTIONS

AND

SANDRA JOHNSON

        Defendants

/

CIVIL ACTION FILE NO.

**1:25-cv-14183**

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT SANDRA JOHNSON**

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT SANDRA JOHNSON

### INTRODUCTION

Plaintiff Kelly Bland moves under Federal Rule of Civil Procedure 4(e)(1) for leave to effect service on Defendant Sandra Johnson by multiple alternative means reasonably calculated to give Johnson actual notice of this action. Plaintiff has now attempted personal service eight times at the two most probable addresses identified through TLO and LexisNexis. One of those addresses, 3805 SW 148th Terrace, Miramar, Florida 33027, is also the business and mailing address listed on Johnson's active Florida insurance license, which further lists the email address sandyjfx@gmail.com and telephone number (954) 275-0063. Despite those efforts, conventional service has proved impractical.

### FACTUAL BACKGROUND

Plaintiff commenced this action on November 19, 2025, and filed a First Amended Complaint on January 27, 2026. In an effort to locate and serve Johnson, Plaintiff searched

multiple skip-tracing databases, including TLO and LexisNexis. Those sources identified two most probable addresses for Johnson: (1) 7755 Tropicana St., Miramar, Florida 33023; and (2) 3805 SW 148th Terrace, Miramar, Florida 33027. The latter address is especially significant because it is also listed on Johnson's active Florida insurance license as both her business and mailing address. That same license lists Johnson's email address as sandyjfx@gmail.com and her phone number as (954) 275-0063.

Plaintiff then retained process servers to attempt personal service at both locations. Those attempts, reflected in the attached affidavits of nonservice, demonstrate that Plaintiff has exercised diligence, that Johnson has been pursued at the best addresses available, and that those efforts have proved fruitless. This motion follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) governs the service of individuals like Johnson. In pertinent part, the Rules provide an individual may be served by personal service, service at one's home, or by following state law in the state of service or the state where the action is brought. FED. R. CIV. P. 4(e)(1). Relevant state law, Illinois law, 735 ILCS 5/2-203.1, provides that, if service on an individual defendant is impractical under the usual methods of personal service outlined in other statutory sections, the plaintiff may move for an order directing a comparable method of service upon a showing of diligent inquiry and unsuccessful reasonable efforts at service have been successful. The service may be made in "any manner consistent with due process." That standard is met where the proposed means are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Courts accordingly authorize alternative service, including service by mail and electronic means, where the record shows that conventional service has failed and the proposed

2

channels are ones the defendant actually uses. *Phillips v. Defendant "1"*, No. 1:24-CV-07511, 2024 WL 6992183, at *2 (N.D. Ill. Oct. 2, 2024) (citing cases).

## ARGUMENT

Here, process cannot be served by personal service because the addresses available for Johnson have demonstrated active evidence of evasion, despite Johnson using one such address on her active insurance license. The record here reflects service at two possible addresses. Plaintiff first attempted service at the first address, 7755 Tropicana St., Miramar, Florida 33023, an address returned through skip-tracing research. Process server George Thompson made four attempts there on February 3, 7, 9, and 10, 2026, at varying times. On February 7, a resident at the property stated that they did not know Johnson, and a neighbor likewise stated that they did not recognize Johnson's name. On the remaining attempts, no contact was made. Those attempts reasonably exhausted that address as a venue for ordinary service, especially given the evidence of evasion, including a garbage can strategically placed to block the license plate.

Plaintiff next attempted service at 3805 SW 148th Terrace, Miramar, Florida 33027, the address that appears on Johnson's active Florida insurance license as both her business and mailing address. Process server Yancy Polanco made four attempts there on March 2, 4, 6, and 7, 2026. On March 2 and March 4, a resident at the property confirmed that Johnson resides there but stated that she was allegedly not available. On March 4, the resident appeared unwilling to answer follow-up questions after the process server mentioned the documents. On March 7, vehicles were parked in the driveway, including a gray Mercedes bearing Florida tag JSVD69, and the process server caused a vehicle registration verification to be run confirming that tag is registered to Johnson. This address is unquestionably one such address for Johnson. It is the address Johnson herself lists on an active professional license, residents at the property have twice confirmed she resides there, and a vehicle registered to her was present during the service

3

attempts.

After eight attempts over the course of two months, at different times of day, Plaintiff still has not been able to effect personal service. At 7755 Tropicana, the occupants and a neighbor disclaimed any knowledge of Johnson and then blocked license plates with a garbage can. At 3805 SW 148th Terrace, the evidence strongly suggests that Johnson resides there, yet she has remained perpetually "not available" despite repeated attempts and despite the presence of a vehicle registered to her. On this record, Plaintiff has already pursued the two best addresses presently available. Requiring additional rounds of identical attempts would merely multiply expense and delay without materially increasing the likelihood of successful ordinary service.

At minimum, this record establishes that service under the usual methods is impractical within the meaning of 735 ILCS 5/2-203.1. Indeed, the record supports the reasonable inference that Johnson is either avoiding service at 3805 SW 148th Terrace or is being shielded by persons at that address. Either way, an order for alternative service is warranted. Because, despite diligent efforts, Defendant Johnson has been unable to be served, Plaintiff should be permitted to serve Johnson by iMessage message with an attachment containing the Summons and Complaint, as well as email to her email address and via letters to each of the attempted addresses.

Plaintiff requests leave to serve Johnson by the following combination of methods:

(1) By sending a copy of the Summons and First Amended Complaint at 3805 SW 148th Terrace, Miramar, Florida 33027, and 7755 Tropicana St., Miramar, Florida 33023 by express courier;

(2) By emailing the Summons and First Amended Complaint to sandyjfx@gmail.com, which appears on Johnson's active Florida insurance license; and

(3) By sending an iMessage to (954) 275-0063 attaching the Summons and First

Amended Complaint.

Service upon Johnson via express courier, her email addresses, and iMessage are reasonably calculated to apprise Johnson of this action. Through these alternative means of service, copies of the Summons and Complaint would be served upon Johnson. Mailing, via express courier, to each of the addresses, will provide tracking and confirmation of delivery, as opposed to the delays and potential unreliability of ordinary mail.

With respect to email specifically, such method of service has already been held to be adequate in other courts. Numerous courts have held that email service on defendants that do business online, and are connected to email addresses, is consistent with due process and is permissible under Rule 4(f)(3). *See Phillips,* 2024 WL 6992183, at *2; *BBK Tobacco & Foods, LLP v. Gooshelly*, 613 F. Supp. 3d 1012, 1015 (E.D. Mich. 2020) (collecting cases). Here, Johnson's public insurance license information uses the proposed email address. As the Court explained in *BBK Tobacco*, obtaining email addresses through such methods are "reasonably calculated to give effective notice" because, with respect to the license email address, that was an email that was used to "communicate and transact business with the Defendants." *Id.*

The case of *Chanel, Inc. v. Zhibing*, No. 2:09-CV-02835-CGC, 2010 WL 1009981, at *4 (W.D. Tenn. Mar. 17, 2010) is further instructive on this regard on the propriety of emailed service in cases like this. There, "although every physical address listed by Defendant proved to be fraudulent upon investigation, every e-mail account listed was active." *Id.* The Court accordingly permitted service by email to the email addresses used by vendors for customer service in selling counterfeit goods. *Id.* Courts have also permitted, and in some cases, required, the use of a third-party email tracking service that embeds a tracking pixel in the email to confirm the emails were delivered successfully and determine if they were read. *E.g., Elsevier,*

*Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 377 (S.D.N.Y. 2018); *BBK Tobacco*, 613 F. Supp. 3d at 1015. Plaintiff stands ready to do so here if required by the Court.

To further assure adequate service and notice, Plaintiff proposes to serve Johnson through iMessage. Counsel for Plaintiff has queried the database of iconectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center, which is the master database which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider. Searching the above-described telephone number in this database reveals that it is an iPhone registered since at least April 17, 2015 with T-Mobile in the name of Sandy Johnson. This also happens to be the telephone number listed on Ms. Johnson's insurance records, and also appears on the aforementioned skiptracing database reports as the primary cell phone number for the Defendant. Accordingly, service upon Johnson by iMessage is reasonably calculated to give McCombs notice, given that telephone company records reveal she uses the iMessage service on her iPhone. *See, e.g., FNTV, LLC v. Starnes Media Grp. LLC*, 22-CV-4042, 2023 WL 7000848, at *1 (E.D.N.Y. August 10, 2023) (granting default judgment after agreeing to alternate service on defendant, an active social media user, by "email, Facebook, Twitter, and Instagram"); *BBK Tobacco*, 613 F. Supp. 3d at 1015 (holding that service of process through methods of communication previously used by business partners was reasonably calculated to provide effective notice).

## Conclusion

For the foregoing reasons, the Court should permit Plaintiff to make alternative service of the Summons and Complaint through the methods indicated.

6

Dated: April 16, 2026                    PLAINTIFF, on behalf of herself
                                              and others similarly situated,

                                         */s/ Andrew Roman Perrong*
                                         Andrew Roman Perrong, Esq.
                                         Perrong Law LLC
                                         2657 Mount Carmel Avenue
                                         Glenside, Pennsylvania 19038
                                         Phone: 215-225-5529 (CALL-LAW)
                                         Facsimile: 888-329-0305
                                         a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically

send a copy to all attorneys of record on the case.

April 16, 2026

                                         */s/ Andrew Roman Perrong*
                                         Andrew Roman Perrong, Esq.
                                         Perrong Law LLC
                                         2657 Mount Carmel Avenue
                                         Glenside, Pennsylvania 19038
                                         Phone: 215-225-5529 (CALL-LAW)
                                         Facsimile: 888-329-0305
                                         a@perronglaw.com