**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELLY BLAND, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAS HEALTH CARE/RX PLAN AGENCY, INC., a division of ALLSTATE HEALTH SOLUTIONS,<br><br>and<br><br>SANDRA JOHNSON,<br><br>    Defendants. | Case No. 1:25-CV-14183 |

**DEFENDANT AMERICAS HEALTH CARE/RX PLAN AGENCY, INC'S[1] REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Americas Health Care/RX Plan Agency, Inc. ("Americas Health" or "Defendant"), by counsel, hereby files this Reply in support of its Motion to Dismiss Plaintiff's First Amended Complaint (Dkts. 12, 23) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, Defendant hereby replies as follows:

## I.    INTRODUCTION

Plaintiff Kelly Bland ("Plaintiff") remains unable to successfully plead a TCPA claim based on the informational calls she alleges she received in June 2024. Specifically, Plaintiff cannot overcome two main obstacles:

---

[1] In accordance with this Court's Minute Entry (Dkt. 31) granting Plaintiff's Motion to Substitute Party name, Americas Health Care/RX Plan Agency, Inc., a division of Allstate Health Solutions is hereby substituted as a defendant in place of Healthcare Solutions Team, LLC d/b/a Allstate Health Solutions.

1

**First,** none of the cases cited by Plaintiff in her response are applicable to this instant case or entitle Plaintiff to relief under the TCPA. Even considering her Response, *Hulce* remains the guiding authority as to Plaintiff's allegations and, under *Hulce,* the alleged calls do not constitute telephone solicitations under the TCPA, thus negating any liability as a matter of law. **Second,** Rule 9(b) pleading standards do apply here, and Plaintiff has failed to sufficiently plead that Americas Health made any such misrepresentations or false statements. Plaintiff's continued failure to state a claim upon which relief can be granted warrants dismissal of this action in its entirety with prejudice.

## II.   ARGUMENT

### a.   The Alleged Calls Are Not "Telephone Solicitations" as Defined by the TCPA.

#### i.   *The Alleged Calls were Informative Not Persuasive.*

Plaintiff argues that Defendant is trying to "recast" the alleged calls as purely informational. But Defendant does not need to go to such great lengths. Plaintiff's allegations, on their face, are insufficient and fail to adequately plead that she received "telephone solicitations" as defined by the TCPA.

On June 7 and June 10, 2024, Plaintiff claims that she received four phone calls. According to Plaintiff, only one statement was made during the June 7 call: the caller *informed* Plaintiff that she was "eligible for state affordable care act at no cost" (Dkt. 12, ¶5). During the June 10 calls, Plaintiff alleges that the caller only made one statement: "the *purpose* of the call is to let you know that the government is giving affordable healthcare to the people at zero cost." (Dkt. 12, ¶31). Plaintiff does not allege that the callers offered any services which required payment, directed Plaintiff to any websites or applications for her to purchase any such products, or that Plaintiff specifically named Defendant. Notably, when discussing the June 24 call, Plaintiff does not even

plead what the alleged caller stated. Rather, Plaintiff simply alleges that the call began with a nearly identical script, which as explained above are on their face informational and informative. As argued in Americas Health's Motion, under *Hulce,* such statements are insufficient and dismissal is warranted.

Plaintiff's reliance on the non-binding case *Newell* is misplaced as the case further supports Americas Health's position. As an initial matter, this case holds little weight here as it is factually distinguishable and does not discuss *Hulce* extensively as purported by Plaintiff in her Response. In *Newell v. Children's Dental Health Assocs.,* the plaintiff alleged that he received two unsolicited text messages where defendant actually identified itself in the text messages. *Newell,* No. 25-5238, 2026 WL 927378, at *8-9 (E.D. Pa. Apr. 6, 2026). The two text messages stated:

> "[b]ook an appt [sic] that fits your family's availability" with a link and signature identifying the sender as "Children's Dental Health – Downington" and continued, "[t]o unsubscribe, reply STOP.
>
> and
>
> [m]ake Lailynn's smile shine bright this summer! Let's get your kiddo scheduled for a check-up ..."

*Id.* at *1. Additionally, the text messages "included a link to book an appointment, identified themselves as Children's Dental, and instructed how to unsubscribe from further communications." *Id.* There is no connection between *Newell* and this case.

These text messages in *Newell* are wholly distinguishable from the calls Plaintiffs alleged that she received. First, and most importantly, the text messages in *Newell* did not include or offer any free services unlike the callers in this present case. The Court in *Newell* held that this was an important fact and one which weighs in Americas Health's favor. In *Newell,* the court rejected defendant's argument that the text messages were "meant to persuade him to "use" its dental services rather than "pay" for those services." *Id.* at *8. The Court rejected defendant's argument citing *Hulce* and explaining that,

3

"Perhaps if Children's Dental offered free services, as was the case in *Hulce v. Zipongo Inc.*, then it would not be so clear that the text messages were solicitations encouraging the purchase of a service." *Id.*

This was the only reference to *Hulce* that the Court made in *Newell*, and it supports Americas Health's argument. Here, the First Amended Complaint alleges that all the calls offered no services or free services, which differs from *Newell.* The Court in *Newell* also does not hold that simply because Plaintiff ultimately ended up buying a product, the calls then automatically constitute solicitations. No case cited by Plaintiff supports such an argument. Moreover, Plaintiff fails to even allege that the first four calls from June 7 and June 10 even came from or on behalf of Americas Health. As alleged, the calls on June 7 and June 10 appear to be on behalf of the government as the scripts only mention government plans. Unlike *Newell*, there are no allegations that the sender was identified or otherwise disclosed.

### ii. *Plaintiff's Argument that the Calls Constitute Telephone Solicitations Is Meritless As a Matter of Law.*

Beyond *Newell,* none of the other cases that Plaintiff cites in her Response support her position that the alleged calls in the present case constitute telephone solicitations necessary to successfully state a TCPA claim.

The case *Chesbro v. Best Buy Stores, L.P*., 705 F.3d 913 (9th Cir. 2012), is readily distinguishable from this present case. The *Chesbro* case turned on a factual record where the "reward zone" messaging, although mentioning account information, was inextricably linked to a loyalty program designed to stimulate future purchases. *Id.* The Ninth Circuit emphasized the call's "dual purpose" and its functional role in promoting sales. *Id.* at 917. There is no such "dual purpose" here. In fact, the message clearly stated that the purpose of the call was informational and to let Plaintiff know that "the government is giving affordable healthcare to the people at zero cost." (Dkt. 12, ¶31). Plaintiff was neither required nor persuaded to purchase anything.

4

Similarly, the finding and reasoning in *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 209 (S.D.N.Y. 2024), cannot be applied to this present case. Plaintiff relies on *Cacho* for the proposition that free offerings can be solicitated. But *Cacho* turned on a communication whose content and context connected the call to the sender's commercial objectives, treating the "free" component as promotional in nature. *Id.* The court's reasoning does not apply where, as here, the call contains no offers to purchase products and no funnel to future commercial offerings. The dispositive question is whether the call encouraged a purchase or investment; a message that provides free, stand-alone notice of free state affordable state healthcare without soliciting interest in the free healthcare does not. Contrary to Plaintiff's assertion, the concerns in *Cacho* surrounding ostensibly free offerings masking a commercial promotion are absent here because the record reflects no inducement to transact and no veiled marketing.

Similarly, *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 283 (S.D.N.Y. 2013), involved communications tied to a commercial relationship and marketing aims, which is simply not the case here. In *Yaakov,* the court addressed materials functioning as advertising or promotion of the sender's business interests. *Id.* In contrast, the calls alleged here were content limited to a free service with no promotional content, no product placement, no discount codes or sales pathways, and no suggestion of transitioning to paid services. Without messaging that encourages a purchase or positions a product or service for sale—which Plaintiff fails to adequately allege—*Yaakov's* rationale is not applicable here.

*Rockwell v. Medicus Healthcare Sols., LLC*, 24-CV-128-LJV, 2025 WL 959745, at *4 (W.D.N.Y. Mar. 31, 2025), which involved recruitment and business development activity with clear commercial implications for the caller, also fails to support Plaintiff's proposition. In fact, in *Rockwell*, the Court dismissed plaintiff's complaint. That case involved calls placed by defendant

5

which the court determined were "made to further defendant's own objectives, including providing services to clients looking for extra help by finding physicians who might want to pursue opportunities through Medicus." *Id.* The Court found this insufficient to constitute a solicitation because even though it may be possible that an individual could pay a fee if they accepted the services, it is just as possible that defendant receives no payment for these services.

The same logic applies here. The alleged calls informing Plaintiff that she is eligible for state affordable healthcare at no cost could have resulted in Plaintiff obtaining free healthcare from the government or no healthcare at all. Whether Plaintiff obtains free services or rejects those free services, either way, there can be no solicitation under *Hulce, Rockwell,* or *Newell*. Plaintiff continues to rely heavily on the fact that during the June 24 call, Plaintiff provided her email to an individual named "Victoria" and requested a quote for another insurance plan for which she was not solicited. However, Plaintiff's voluntarily and unsolicited interest in Americas Health's healthcare plans do not negate or otherwise override the initial basis of the call. Even in *Hulce*, where plaintiff ultimately paid for services, the Seventh Circuit did not find a "telephone solicitation" occurred and the same reasoning should be applied here.

Lastly, *Suescum v. Family First Life, LLC,* 6:21-CV-1769-WWB-EJK, 2023 WL 311144, at \*1 (M.D. Fla. Jan. 19, 2023), is improperly relied upon by Plaintiff. *Suescum* involved insurance-related outreach where the communication sought to spur interest in services sold by the caller or its affiliates. Specifically, the case involved a defendant offering "its leads services to new insurance agents who must 'buy-in' to start selling insurance for defendant." *Id.* No such offerings were made in the instant case as Plaintiff was simply informed of free government health care as compared to defendant's text messages in *Suescum* which prompted them to "view a website encouraging them to purchase warm leads." *Id.* at \*3. *Suescum*'s reasoning does not apply.

### iii. *Plaintiff Remains Unable to Sufficiently Plead a Factual Basis to Support Her Allegations of Misrepresentation*

It is not Americas Health, but Plaintiff, who wishes to "recast" her narrative as she attempts to get around the heightened pleading standards of Rule 9(b). Plaintiff's complaint is entrenched with references to fraud, misrepresentation, and deceptive behavior when she uses phrases such as "false representation," "lies," "misrepresentation," and "false premise and guise." (Dkt. 12, ¶¶ 39,43,44,48). Plaintiff attempts to rewrite her complaint by arguing in her response that she was simply arguing about the lesser standard of pretext. Plaintiff is bound by the words used in her complaint, which clearly alleges claims sounding in fraud.

Plaintiff attempts to free herself from the burden of Rule 9(b) by arguing that her argument is grounded in "pretext" not misrepresentation or fraud. However, the word pretext is never used in her First Amended Complaint. Comparatively, the word "false" is used four (4) times, "misrepresentation" is used two (2) times, and "lies" and "guise" are both used once. Plaintiff is not arguing pretext. Plaintiff blatantly alleges that Defendant engaged in behavior based on deception or fraud when she alleged that the representations regarding healthcare plans at no cost were "a lie and merely a sales tactic to get her foot in the door and get call recipients interested…." (Dkt. 12, ¶ 39). As such, *Newell* is not applicable. Newell never alleges any such misrepresentation, guise, or deception nor does the Court discuss any such behavior.

Rather, *Borsellino*, remains the proper authority with which to view Plaintiff's allegations. As previously argued, in *Borsellino*, the Seventh Circuit explained that "when a plaintiff alleges deceptive or fraudulent behavior, such allegations must meet the heightened standard of Rule 9(b)." *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). Moreover, "[a] plaintiff claiming fraud or mistake must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate," and "the who,

what, when, where, and how" of the alleged fraudulent behavior. *Id.* Plaintiff has not met this standard.

Plaintiff cannot allege who allegedly engaged in fraudulent behavior. In her response, Plaintiff alleges that she identifies the caller IDs; however, that does not establish the "who" as required under Rule 9(b). As for the four first calls, Plaintiff relies on general reference to unknown individuals, and more importantly, she has not tied such individuals to Americas Health.

Additionally, as explained above, Plaintiff has not and cannot allege that the representations regarding the free health care were indeed false. Plaintiff's unsupported claims of misrepresentation are substantially flawed because she never alleges any facts which demonstrate that the claims regarding an individual's eligibility for state affordable care at no cost were false. In her response, Plaintiff attempts to overlook this critical point, but the Court should not. If Plaintiff in fact did attempt to take advantage of a free product and such product was in fact free, Plaintiff would have no claim under TCPA as explained in *Rockwell.* TCPA was not created to prevent such calls. It is vital to note that Plaintiff does not allege that she attempted to sign up for these free healthcare plans as advertised by the unknown caller or "Victoria," and was subsequently denied, or informed that she was not eligible for such plans, or that no such plans existed. (*See generally* Dkt. 12). It is also notable that Plaintiff does not allege that she even inquired about such plans. (*Id.*). Plaintiff's failure to even acknowledge this point is telling because if she were able to obtain free state affordable healthcare as she was informed on the calls, but she nevertheless chose to request and purchase a quote voluntarily, this action would stop here as required under the law.

Rather than assert adequate facts to create a reasonable inference of misrepresentation, Plaintiff relies on unsupported conclusory allegations, attempts to stretch case law beyond their

8

holdings to include these informative calls, and implies Defendant engaged in deceptive and fraudulent practices without meeting the required standard. On their face, the facts alleged in Plaintiff's Amended Complaint are not reasonable to state a TCPA claim nor infer misrepresentation when Plaintiff does not even allege that she attempted to take advantage of the free products she was informed about, and the Court is not required to accept the bare allegations as true.

## III. <u>CONCLUSION</u>

Based on the foregoing reasons, and those set forth in its Motion to Dismiss, Defendant Americas Health Care/RX Plan Agency, Inc. respectfully requests that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint in its entirety with prejudice and grant such other and further relief as the Court deems just and proper.

Dated: April 30, 2026                         Respectfully submitted,

**AKERMAN LLP**

*/s/Jani K. Mikel*
**JANI K. MIKEL**
Illinois Bar No. 6331445
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900
Email: jani.mikel@akerman.com
Email: elida.asa@akerman.com

- and -

RYAN ROMAN
**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email: ryan.roman@akerman.com
Email: lauren.chang-williams@akerman.com

*Counsel for Defendant Americas Health Care/RX
Plan Agency, Inc.*

10

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on April 30, 2026, the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                             */s/ Jani K. Mikel*
                                             JANI K. MIKEL
                                             Illinois Bar No. 6331445

11